HENRY VON LUBKEN, Plaintiff, *v.* FREDERICK SCHUESSLER, Defendant.

County Court, Bronx County, May, 1922.

**Landlord and tenant — when Emergency Rent Laws are not a good defense in an action for rent founded on a special agreement.**

In consideration of the discontinuance of an action to recover an increased rental from defendant prior to May 18, 1921, the defendant agreed to pay for the use and occupation of the premises then occupied by him as the tenant of plaintiff, a certain sum on October 1, 1921, and a like sum on the first day of each month thereafter, but on demand refused to make any of such payments. *Held*, that in an action upon the special agreement the defendant was not entitled to invoke the aid of the Emergency Rent Laws, by a plea that said agreement and the rent demanded were unjust, unreasonable and oppressive; nor was he entitled to a bill of particulars as required by that legislation.

MOTION to dismiss complaint.

*Mork & McKiniry*, for plaintiff.

*Owen S. M. Tierney*, for defendant.

GIBBS, J.   Plaintiff has brought an action for a breach of an agreement made on or about May 18, 1921, whereby, in consideration of the plaintiff discontinuing a former action, the defendant would pay the sum of seventy dollars on the 1st of October, 1921, and a like sum on the first of each month thereafter for the use and occupation of certain premises of the plaintiff occupied by the defendant. The plaintiff alleges in his complaint that he has performed all the conditions of the said agreement on his part

and that the defendant has failed to comply with said agreement, and that there is due and owing to him the sums mentioned in said agreement.

Defendant denies each and every allegation in the complaint and for a first separate and distinct defense alleges " that the alleged agreement referred to in the complaint is oppressive and unjust and that the rent demanded is unjust, unreasonable and oppressive." Defendant has moved for an order dismissing the complaint on the ground that the plaintiff has failed to file a bill of particulars. Plaintiff contends that this is not an action which comes within the Emergency Rent Laws and the defendant is not entitled to the relief asked for.

It is conceded by both parties that the plaintiff instituted an action to recover an increased rental from the defendant prior to May 18, 1921; that while the action was pending the attorneys for the respective parties entered into an agreement which reads as follows:

" No increase of rent till Oct. 1921, commencing Oct. 1921 — tenants pay $15 increase over Sept. 30, 1920 per month from said date to Jan. 1st, 1922.

" If taxes for 1922 are increased over 1921 — tenants agree to pay proportionate part of increase of taxes over 1921.

" If taxes are not increased rent to be at same rates as from Oct. 1921, till Oct. 1922. Necessary repairs to be made.

" Settlement not to go in effect till Oct. 1st, 1921 — Cases to be adjourned to 3rd Mon. in Oct. 1921.

" Mork & Baum .

" Owen S. M. Tierney

*Attorney for Tenants.*

" 5/18–21

" No costs

" S. Mork "

It appears from the complaint that on the 1st of October, 1922, the plaintiff demanded the sum set forth in the above agreement of the defendant, and that the defendant refused to comply with his demand and has since refused to make the payments set forth in the agreement. The plaintiff does not seek to recover the fair and reasonable value for the use and occupation of the premises in which the defendant resides, but for the breach of a special agreement entered into by the parties with full knowledge of the existing conditions, and with the further consideration that the plaintiff discontinue the pending action without costs.

I do not believe that the legislature intended that a tenant could invoke the aid of the Emergency Rent Laws in a case such

as the one at bar.    Defendant is not entitled to a bill of particulars as required by that legislation.

Accordingly the motion to dismiss the complaint is denied. Settle order on notice.

Ordered accordingly.